## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William Sussman, Lior Alon, John Doe and The Louis D Brandeis Center Coalition to Combat Anti-Semitism<br><br>Plaintiffs,<br><br>v.<br><br>Massachusetts Institute of Technology and Michel DeGraff<br><br>Defendants. | )<br>)<br>)<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>).  Civil Action Case No.<br>)   1:25-cv-11826-RGS<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED DECLARATION OF JOHN DOE

Pursuant to Local Rule 7.2, Plaintiff John Doe respectfully moves this Court (i) for leave to file under seal an unredacted version of his declaration submitted in support of his Motion for Leave to Proceed Using a Pseudonym and (ii) that the unredacted version of his declaration remain under seal until further order of the Court. Counsel for Defendant MIT and Defendant Michel DeGraff consent to this Motion.

Doe is a Jewish and Israeli Instructor at the Massachusetts Institute of Technology ("MIT"). He was recruited to MIT by a prominent professor ("Richard Roe") to perform research in the professor's laboratory as a postdoctoral associate. He has endured severe and pervasive anti-Semitic and anti-Israeli harassment, discrimination, and retaliation by students and Professor Roe. Doe has alleged claims based on (i) direct discrimination in violation of Title VI and Title VII of the

Civil Rights Act of 1964 and Massachusetts General Laws, (ii) hostile environment in violation of Title VI and Title VII of the Civil Rights Act of 1964 and Massachusetts General Laws, (iii) retaliation in violation of Title VI and Title VII of the Civil Rights Act of 1964 and Massachusetts General Laws, (iv) intentional, reckless, and negligent infliction of emotional distress, (v) breach of contract, and (vii) breach of the implied covenant of good faith and fair dealing.

Doe has moved to allow himself to appear in this case using a pseudonym. As reflected in the redacted version of his Declaration, Doe reasonably fears for the physical safety of himself and his partner and also fears further harm to his mental health. Doe also reasonably fears that being publicly identified will lead to further damage to his reputation and career.

Plaintiffs move to file under seal an unredacted version of Doe's Declaration. The only information that is redacted in the public version of Doe's Declaration is Doe's true name.

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (quoting *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, No. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008)). While "[d]emonstrating 'good cause' entails making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal," *Dunkin Donuts*, 2008 WL 427290, at *1, "[w]hat constitutes 'good cause,' and therefore what concerns can justify a document being filed under

seal, depends on the nature of the filing." *Bradford & Bigelow*, 109 F. Supp. 3d at 447. Accordingly, the burden of the party seeking to file a document under seal is proportional to how "important the document is to the core judicial function of determining the facts and law applicable to the case." *Id.*

Here, the Declaration that John Doe seeks to file under seal is not necessary to determine the facts and law underlying Plaintiffs' claims. It does not present factual allegations or legal arguments that are not otherwise in Plaintiffs' First Amended Complaint or the public version of his declaration, and John Doe's identity—which is the only detail John Doe seeks to redact—is already known by MIT. *See Doe v. Butler Univ.*, 22-CV-01828, 2022 WL 18540513, at *3 (Nov. 18, 2022) (noting that a party's knowledge of an opposing party's identity is important for avoiding "difficulties in discovery" and advancing "claims that have legal merit"). The "presumption of public access" to the Declaration is therefore on the "lower end of the spectrum," *Bradford & Bigelow*, 109 F. Supp. 3d at 447, and John Doe has a lower burden to overcome "the usual presumption and defeat access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (internal quotation omitted).

John Doe meets this burden because filing the Declaration in unredacted form "would render the Court incapable of granting the requested relief if the plaintiff[] prevail(s)" on the Motion to Proceed Under a Pseudonym. *Doe v. Prudential Ins. Co.*, 744 F. Supp. 40, 41 (D.R.I. 1990). Moreover, making John Doe's identity public through the Declaration would lead to the same "discrimination, harassment, and

retaliation" that John Doe describes in his Declaration.

Accordingly, the "competing interests" in play weigh in favor of sealing. *Kravetz*, 706 F.3d at 62. John Doe has "an overriding interest based on findings that closure is essential to preserve higher values" (such as privacy and physical safety), *In re Providence J. Co.*, 293 F.3d 1, 11, 15 (1st Cir. 2002), and the sealing—which is limited to John Doe's name—is "narrowly tailored to shield as little from public view as possible." *Bradford & Bigelow*, 109 F. Supp. 3d at 449; *see also Prudential Ins. Co.*, 744 F. Supp. at 41 ("Requests to proceed under fictitious names have been granted where it is demonstrated that disclosure would result in harassment, the threat of physical harm, or other similar consequences."). Perhaps most importantly, filing an unredacted Declaration on the public docket would undermine the relief John Doe requests in the Motion to Proceed Under a Pseudonym before the Court can consider the motion's merits. *See generally Doe v. MIT*, 46 F.4th 61, 77 (1st Cir. 2022) (indicating parties seeking to proceed under pseudonyms should file their identities under seal such that the court can perform a recusal check).

Accordingly, this Court should grant this motion and allow John Doe to file under seal an unredacted version of his Declaration in support of his motion to proceed under a pseudonym, with the redacted version available on the public record.

Dated: September 17, 2025

Respectfully submitted,

**THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW**

By: ___Philip Y. Brown___

**THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW**
Richard A. Rosen*
Paul M. Eckles*
Rebecca Harris*
1330 Ave of the Americas, 23rd floor
New York, NY 10019
Telephone: (202) 559-9296
rrosen@brandeiscenter.com
peckles@brandeiscenter.com
rharris@brandeiscenter.com

**BROWN COUNSEL, LLC**
Philip Y. Brown (BBO #552366)
Amelia R. Gray (BBO #675632)
One Marina Park Drive, 1410
Boston, MA 02210
Telephone: (617) 683-1500
pbrown@browncounsel.com
agray@browncounsel.com

*Attorneys for Plaintiffs*
*William Sussman, Lior Alon, John Doe & The Louis D Brandeis Center Coalition to Combat Anti-Semitism*

**White & Case LLP**
Jonathan D. Polkes*
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jonathan.polkes@whitecase.com

Rachel Rodman*
701 Thirteenth Street, NW

5

Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile:  (202) 639-9355
rachel.rodman@whitecase.com

*Attorneys for Plaintiff*
*The Louis D Brandeis Center Coalition to Combat Anti-Semitism*

*\*Pro hac vice application forthcoming*

---

## Local Rule 7.1 Certification

I do hereby certify that I conferred with counsel for MIT on September 16, 2025, by email and that counsel for MIT consents to this motion. I also conferred with counsel for Professor Michel DeGraff on September 15, 2025 by email and counsel for Professor DeGraff consents to this motion.

                                              /s/ Paul M. Eckles
                                                 Paul M. Eckles

## Certificate of Service

I do hereby certify that on September 17, 2025, this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served by email and by first class mail postage prepaid, to those indicated as non-registered participants (to the extent there are any) on September 17, 2025.

                                              */s/Philip Y. Brown*

                                              Philip Y. Brown

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William Sussman, Lior Alon, John Doe and The Louis D Brandeis Center Coalition to Combat Anti-Semitism,<br><br>Plaintiffs,<br><br>v.<br><br>Massachusetts Institute of Technology and Michel DeGraff<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>Civil Action Case No.<br>1:25-cv-11826-RGS |

## [PROPOSED] ORDER

Upon consideration of John Doe's Motion for Leave to File Under Seal Unredacted Declaration in Support of John Doe's Motion For Leave to Proceed Under a Pseudonym, it is hereby ORDERED that the Motion is GRANTED and that John Doe may file an unredacted version of his declaration under seal with the redacted version available on the public record. The unredacted version of his declaration shall remain under seal until further order of the Court.

ORDERED this _____ day of _____, 2025.

BY THE COURT

_____