**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| William Sussman, et al., <br><br> Plaintiffs, <br><br> *v.* <br><br> Massachusetts Institute of Technology and Michel DeGraff, <br><br> Defendants. | Case No. 25-CV-11826-RGS |

**DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Massachusetts Institute of Technology ("MIT") answers the First Amended Complaint, ECF No. 17, as follows.

Consistent with the Court's order, MIT's Answer and Affirmative Defenses use pseudonyms for Plaintiff "John Doe" as well as Professor "Richard Roe." *See* ECF No. 74 (granting Plaintiffs' motion); ECF No. 18 (seeking permission to use pseudonyms for John Doe, Richard Roe, and Students A and B).

The Court has dismissed all claims asserted by Lior Alon, William Sussman, and the Louis D Brandeis Center Coalition to Combat Anti-Semitism (the "Coalition"), as well as the claims asserted by John Doe to the extent they are based on general allegations about alleged discrimination on the MIT campus. *See* ECF No. 75 (granting MIT's motion); ECF No. 46 (seeking dismissal of those claims). Allegations in support of the dismissed claims are denied on that basis. MIT's Answer and Affirmative Defenses address the surviving claims. By responding to a particular allegation, MIT does not concede the relevance of that allegation to the surviving claims. Further, any allegation not expressly admitted in this Answer is denied.

For clarity and to assist the Court's review, MIT has included in this Answer the same headings and sub-headings used by Plaintiffs in the First Amended Complaint. To the extent these headings and sub-headings include any allegations, MIT expressly denies such allegations. MIT's responses to each numbered paragraph of the First Amended Complaint incorporate MIT's responses to the footnotes included within a given numbered paragraph.

## INTRODUCTION

**ANSWER TO NO. 1:** MIT admits that President Kornbluth testified before Congress on December 5, 2023, and that she continues to serve as the president of MIT. To the extent the allegations in this paragraph purport to characterize President Kornbluth's congressional testimony, the transcript of President Kornbluth's testimony speaks for itself, and MIT denies all allegations inconsistent therewith. Other than as expressly admitted herein, MIT denies the allegations in this paragraph. Answering further, President Kornbluth has repeatedly and forcefully condemned antisemitism following the October 7, 2023 attacks in Israel. For example, on October 10, 2023, President Kornbluth issued a campus-wide communication stating that antisemitism is "poisonous to our community," and that "together, we must ensure that the rhetoric on our own campus does not escalate to the point of personal attacks, harassment or violence." On October 21, 2023, President Kornbluth issued another campus-wide communication, citing reports of "mass chanting of phrases that harken back to past antisemitic horrors or violent attacks on Israelis," and emphasizing that "[w]e cannot let MIT become a place where we treat each other this way." On November 14, 2023, President Kornbluth again stated to the MIT community that "[a]ntisemitism is real, and it is rising in the world. We cannot let it poison our community." And on December 5, 2023, in her opening statement before Congress referenced in this paragraph, President Kornbluth stated unequivocally that she "abhor[s] antisemitism," and her "campus communications have been crystal clear about the dangers of antisemitism and the atrocity of the Hamas terror attack."

**ANSWER TO NO. 2:** MIT admits that there was protest activity on campus following the attacks in Israel on October 7, 2023, which included the temporary establishment of an encampment on Kresge Lawn in the spring of 2024, chanting of various messages including some references to "intifada," isolated disruptions in classrooms, and the distribution of flyers by campus activists that listed alleged connections between certain MIT research centers and the Israeli government. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 3:** MIT admits that many Jewish and Israeli community members were affected by the events of October 7, 2023, as well as prior incidents of violence against Jews and/or Israelis. MIT denies knowledge or information sufficient to form a belief as to the specific "Jews and Israelis" referenced in this paragraph and their physical or mental states. Other than as expressly admitted herein, MIT denies the allegations in this paragraph, including the allegation that the MIT campus constituted a "climate of terror."

**ANSWER TO NO. 4:** MIT admits that its leaders issued multiple campus-wide communications in response to campus activity that took place after October 7, 2023, including the statements described in response to paragraph 1; that MIT took steps to end the encampment on Kresge Lawn; and that MIT addressed allegations of policy violations related to that encampment and took remedial action through its established policies and processes. Other than as expressly admitted herein, MIT denies the allegations in this paragraph. To the extent the allegations in this paragraph state legal arguments and conclusions to which no response is required, MIT additionally denies them on that basis.

**ANSWER TO NO. 5:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor Michel DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 6:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 7:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 8:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. As to the remaining allegations concerning Doe's lab: MIT admits that Doe emailed President Kornbluth on May 6, 2024, and that President Kornbluth did not personally respond directly to that email. Other than as expressly admitted herein, MIT denies the allegations in this paragraph, including the allegation that MIT did not take action.

**ANSWER TO NO. 9:** MIT admits that Doe, now working as an instructor in a different department at MIT, communicated with MIT administrators about concerns he had during his employment in Professor Roe's lab. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 10:** Denied.

**ANSWER TO NO. 11:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 12:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

<u>**JURISDICTION AND VENUE**</u>

**ANSWER TO NO. 13:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 14:** The Court dismissed Count XV in its entirety, ECF No. 75, so allegations related to that Count are denied on that basis. Answering only as to Counts VII through XIV: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 15:** MIT admits that it is located and conducts educational and research activities in the District of Massachusetts. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 16:** The Court dismissed the claims against Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 17:** MIT admits that it is located in the District of Massachusetts. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

<u>**PARTIES**</u>

**ANSWER TO NO. 18:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 19:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 20:** MIT admits that Doe identifies as Jewish and Israeli, was previously a postdoctoral associate in a science department at MIT, and is now working as an instructor in a different department at MIT. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 21:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 22:** MIT admits the allegations in this paragraph with the clarification that it received over $1.6 billion in federal funding in fiscal year 2023 inclusive of funding to MIT Lincoln Laboratory.

**ANSWER TO NO. 23:** The Court dismissed the claims against Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

## FACTUAL ALLEGATIONS

### A.    The Meaning of Anti-Semitism

**ANSWER TO NO. 24:** MIT admits that Judaism and people of Jewish ancestry have strong historical ties to Israel. MIT denies that the allegations in this paragraph about the foundation of Jewish identity universally reflect the viewpoint of all Jews. This paragraph otherwise contains non-factual characterizations to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 25:** To the extent the allegations in this paragraph purport to characterize the IHRA definition, that document speaks for itself, and MIT denies all allegations

inconsistent therewith. The remaining allegations in this paragraph contain non-factual characterizations to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 26:** The allegations in this paragraph purport to characterize the webpages cited in footnotes 3 and 4, which speak for themselves, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 27:** To the extent the allegations in this paragraph purport to characterize written policy guidelines issued by other colleges and universities, those documents speak for themselves, and MIT denies all allegations inconsistent therewith. MIT otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 28:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 29:** The allegations in this paragraph purport to characterize the webpages cited in footnotes 6, 7, and 8, which speak for themselves, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 30:** MIT admits that Judaism and people of Jewish ancestry have strong historical ties to Israel. MIT denies that the allegations in this paragraph about the foundation of Jewish identity universally reflect the viewpoint of all Jews. The remaining allegations in this paragraph contain non-factual characterizations or state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**B.    Anti-Semitism Is a Widespread Problem on the MIT Campus**

**ANSWER TO NO. 31:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: Denied.

**ANSWER TO NO. 32:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 33:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 34:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 35:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 36:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 37:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 38:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 39:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 40:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 41:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 42:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 43:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 44:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 45:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 46:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 47:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 48:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 49:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 50:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 51:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 52:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 53:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 54:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 55:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 56:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 57:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 58:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 59:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 60:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 61:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so allegations related to those claims are denied on that basis. Answering solely as to Doe: Denied.

C.     **Dr. Lior Alon and William Sussman Have Been the Direct Victims of Anti-Semitism on MIT's Campus**

1.     **Alon's and Sussman's Backgrounds**

(a)     **Dr. Lior Alon**

**ANSWER TO NO. 62:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 63:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 64:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 65:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 66:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 67:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 68:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 69:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 70:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

      **(b)    William Sussman**

**ANSWER TO NO. 71:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 72:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 73:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 74:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 75:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 76:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 77:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

      **2.    Alon's and Sussman's Experience with Anti-Semitism on MIT's Campus Prior to DeGraff's Harassment**

      **(a)    Dr. Lior Alon**

**ANSWER TO NO. 78:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 79:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 80:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 81:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 82:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 83:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 84:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 85:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 86:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 87:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 88:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 89:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 90:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 91:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

### (b)    William Sussman

**ANSWER TO NO. 92:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 93:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 94:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 95:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

### 3.    Professor DeGraff Harasses Coalition Members Including Alon and Sussman and Exacerbates the Hostile Environment

**ANSWER TO NO. 96:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 97:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 98:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 99:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 100:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 101:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 102:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 103:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 104:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 105:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 106:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 107:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 108:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 109:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 110:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 111:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 112:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 113:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 114:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 115:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 116:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 117:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 118:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 119:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 120:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 121:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 122:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 123:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 124:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 125:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 126:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 127:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 128:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 129:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 130:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 131:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 132:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 133:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 134:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 135:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 136:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 137:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT denies that MIT failed to act in response to concerns raised by Mr. Sussman. MIT otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ANSWER TO NO. 138:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 139:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 140:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 141:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 142:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 143:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 144:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 145:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 146:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 147:** The Court dismissed the claims related to Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 148:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 149:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 150:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

4.    **Sussman Reports DeGraff's Harassment and MIT Refuses to Acknowledge Anti-Semitism**

**ANSWER TO NO. 151:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 152:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 153:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 154:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 155:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 156:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 157:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 158:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 159:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 160:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 161:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

5.    **Impact on Alon and Sussman**

(a)    **Dr. Lior Alon**

**ANSWER TO NO. 162:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 163:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 164:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 165:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 166:** The Court dismissed the claims asserted by Dr. Alon, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 167:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 168:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

> **(b)     William Sussman**

**ANSWER TO NO. 169:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 170:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 171:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 172:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 173:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 174:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 175:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**D.     MIT Professor Harasses, Discriminates Against, and Retaliates Against John Doe**

**1.     Doe's Background**

**ANSWER TO NO. 176:** MIT admits that Doe identifies as Jewish and Israeli. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ANSWER TO NO. 177:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 178:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 179:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 180:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 181:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**2.     Doe is Recruited as a Postdoctoral Associate in Richard Roe's Lab**

**ANSWER TO NO. 182:** MIT admits that Doe's CV reflects that he received a PhD in a scientific field from a university in Israel, has received awards for his research and teaching, has published scientific papers, has been invited to speak at conferences, and previously held the role of "Lecturer" before joining MIT. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ANSWER TO NO. 183:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 184:** MIT admits that Richard Roe is a prominent professor in his field but denies that Professor Roe and Doe occupy the same scientific field.

**ANSWER TO NO. 185:** Admitted.

**ANSWER TO NO. 186:** Denied.

**ANSWER TO NO. 187:** MIT admits that Professor Roe and Doe were first in contact while Doe was completing his PhD program and ultimately discussed Doe joining Professor Roe's

group as a postdoctoral associate. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ANSWER TO NO. 188:** MIT admits that before Doe started his postdoctoral associate position in Professor Roe's lab, Professor Roe introduced Doe to his research group. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ANSWER TO NO. 189:** The allegations in this paragraph purport to characterize a letter, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 190:** The allegations in this paragraph purport to characterize a letter, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 191:** Denied.

**ANSWER TO NO. 192:** MIT admits that Doe began his role as a postdoctoral associate at MIT in September 2023. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

3.    **Doe Earns High Praise for His Work During his First Year at MIT.**

**ANSWER TO NO. 193:** MIT admits that Doe worked closely with Professor Roe and the graduate students in the lab, and that Professor Roe at certain points praised Doe's effort and commitment. MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "former postdoctoral associate." MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 194:** MIT admits that Professor Roe provided Doe with feedback numerous times, including in June 2024, and that Professor Roe encouraged Doe to engage in mentoring graduate students. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 195:** MIT admits that Professor Roe took a sabbatical starting in July 2024, and he left Doe with certain responsibilities in his absence, including with respect to a new lab. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 196:** MIT admits that Doe had a performance review in August 2024, which may have included discussion of tenure-track faculty positions in the future and the possibility of developing Doe's proficiency enough to transition to a research scientist role in the nearer term. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 197:** The allegations in this paragraph purport to characterize a written performance review, which speaks for itself, and MIT denies all allegations inconsistent therewith.

4.      **In His Second Year, Doe is Targeted for being Jewish and Israeli and The Laboratory Becomes a Hotbed of Anti-Semitic and Anti-Israeli Vitriol.**

**ANSWER TO NO. 198:** MIT admits that in the fall of 2024, new graduate students began working in Professor Roe's lab. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 199:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 200:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 201:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 202:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 203:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 204:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 205:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 206:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 207:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 208:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 209:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 210:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 211:** Denied.

**ANSWER TO NO. 212:** Denied.

**ANSWER TO NO. 213:** To the extent the allegations in this paragraph purport to characterize the IHRA definition, that document speaks for itself, and MIT denies all allegations inconsistent therewith. MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 214:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

5.    **Doe Also Experiences the Hostile Anti-Semitic and Anti-Israeli Environment Outside the Laboratory.**

**ANSWER TO NO. 215:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: Denied.

**ANSWER TO NO. 216:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT denies knowledge or information sufficient to form a belief as to the

truth of what Doe saw or heard when he stepped outside of his lab to take a break or Doe's physical or mental state.

**ANSWER TO NO. 217:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT denies knowledge or information sufficient to form a belief as to the truth of what Doe heard when walking to the lab in the morning or Doe's physical or mental state. MIT otherwise denies the remaining allegations in this paragraph.

**ANSWER TO NO. 218:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT denies knowledge or information sufficient to form a belief as to the truth of what Doe saw on campus after leaving the lab. MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 219:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT denies knowledge or information sufficient to form a belief as to the truth of what Doe saw in the morning before entering the lab or what other protests he had previously seen.

**ANSWER TO NO. 220:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT

responds as follows: MIT denies knowledge or information sufficient to form a belief as to the truth of what Doe saw, the context in which the photograph appended to this paragraph was taken, or Doe's physical or mental state. MIT otherwise denies the remaining allegations in this paragraph.

**ANSWER TO NO. 221:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 222:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: The allegations in this paragraph purport to characterize an email communication, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 223:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT admits that President Kornbluth did not personally respond directly to Doe's email.

**ANSWER TO NO. 224:** The Court dismissed claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT

responds as follows: MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 225:** The Court dismissed the claims asserted by Mr. Sussman, including those about Professor DeGraff, and those based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on those bases. Answering solely as to Doe: MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph about Doe's awareness. To the extent the allegations in this paragraph purport to characterize Professor DeGraff's public written statements, those statements speak for themselves, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

6.    **Roe Begins Pushing Doe out of the Lab Because He is Jewish.**

**ANSWER TO NO. 226:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 227:** MIT admits that on or around November 12, 2024, Professor Roe informed Doe that certain students in the research group had concerns about working with him in the lab due to conduct by Doe. This paragraph otherwise contains non-factual characterizations to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 228:** MIT admits that on or around November 26, 2024, Professor Roe informed Doe at a meeting that he would not be renewing Doe's appointment for a third year. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 229:** MIT admits that Professor Roe informed his research group that Doe would be leaving the group.

**ANSWER TO NO. 230:** MIT admits that Doe continued to work in Professor Roe's lab through March 14, 2025, but denies that he was a productive contributor.

7.    **Doe Reports Discrimination and Harassment and MIT Takes No Action.**

**ANSWER TO NO. 231:** MIT admits that in December 2024, Doe communicated with administrators in his department about concerns regarding alleged antisemitic behavior in Professor Roe's lab.

**ANSWER TO NO. 232:** To the extent the allegations in this paragraph purport to characterize email communications, those documents speak for themselves, and MIT denies all allegations inconsistent therewith. MIT denies knowledge or information sufficient to form a belief as to the truth of whether Israeli Professor A was supporting Doe emotionally during this period.

**ANSWER TO NO. 233:** MIT admits that Doe and Israeli Professor A met with the Human Resources Administrator and Associate Head of Doe's former department on December 6, 2024, and at that meeting, Doe expressed his belief that certain unnamed graduate students in Professor Roe's lab did not want to work with him because he was Jewish, and that one of the graduate students, who again he declined to name, was collecting data on Jewish and Israeli students. Answering further, the department did not immediately contact IDHR about Doe's concerns based on Doe's explicit request that the department not take further action until Doe secured a letter of reference from Professor Roe and secured a new position. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

8.    **Doe Is Dismissed from the Lab for the Express Reason that He is Jewish and Israeli.**

**ANSWER TO NO. 234:** MIT admits that Doe continued to work in Professor Roe's research group at the start of the Spring 2025 semester, including tasks to set up a new lab, but

denies that he was a productive contributor. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ANSWER TO NO. 235:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 236:** MIT admits that Doe and Israeli Professor A met with the Associate Head of Doe's former department on January 24, 2025, and that Doe discussed the same concerns described in MIT's answer to paragraph 233 about alleged antisemitic behavior in Professor Roe's lab. Answering further, the department did not immediately contact IDHR about Doe's concerns based on Doe's explicit request that the department not take further action until Doe secured a letter of reference from Professor Roe and secured a new position. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 237:** MIT admits that Doe met with the Associate Head of Doe's former department on February 7, 2025, and that Doe discussed concerns about alleged antisemitic behavior in Professor Roe's lab. Answering further, the department did not immediately contact IDHR about Doe's concerns based on Doe's explicit request that the department not take further action until Doe secured a letter of reference from Professor Roe and secured a new position. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 238:** MIT admits that Doe and Israeli Professor B met with the Associate Head of Doe's former department on February 11, 2025, and that Doe discussed concerns about alleged antisemitic behavior in Professor Roe's lab, including providing the names of certain students who were previously not identified. Answering further, the department did not immediately contact IDHR about Doe's concerns based on Doe's explicit request that the

department not take further action until Doe secured a letter of reference from Professor Roe and secured a new position. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 239:** MIT admits that Doe had two phone calls with the Associate Head of Doe's former department in late February to discuss options for addressing his concerns about alleged antisemitic behavior in Professor Roe's lab. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 240:** Denied.

**ANSWER TO NO. 241:** MIT admits that Doe's assignments were altered in this time frame in light of Doe's ongoing performance issues.

**ANSWER TO NO. 242:** Denied.

**ANSWER TO NO. 243:** MIT admits that Professor Roe intended for Doe to remain in the research group until his appointment expired and that Doe's assignments were altered in this time frame in light of Doe's ongoing performance issues. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 244:** MIT admits that President Kornbluth attended a meeting in February 2025 at which Professor Roe's lab was mentioned in passing. Other than expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 245:** The reference to Mr. Gorenberg being "informed," without a time frame or any further detail, is too vague to permit MIT to formulate a response, and MIT denies the allegations on that basis.

**9.    Roe Objects to a Research Conference in Israel.**

**ANSWER TO NO. 246:** MIT admits that Doe attended a conference in Israel in March 2025, and that in response to a proposal by Doe about what he would present on at the conference,

Professor Roe instructed him not to present on specific research that he was not involved in and could not properly explain. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 247:** MIT admits that Doe had attended several conferences during his time at MIT, that Professor Roe previously permitted Doe to present results from Professor Roe's research group that Doe had more familiarity with, and that Professor Roe always permitted Doe to present his own research at conferences. MIT denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10.    **Doe Reports Anti-Semitic and Anti-Israeli Discrimination Again and Roe Retaliates.**

**ANSWER TO NO. 248:** The allegations in this paragraph purport to characterize an email communication, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 249:** The allegations in this paragraph purport to characterize an email communication, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 250:** MIT admits that President Kornbluth did not personally respond directly to that email.

**ANSWER TO NO. 251:** MIT admits that Doe and Israeli Professor B met with the Human Resources Administrator and Associate Head of Doe's former department on March 14, 2025; that Doe had received an offer for a position as an instructor in another department; and that the Associate Head stated that Doe could start working in his new department on March 17, 2025, while offering him support to transition early to the new department, including funding from his current department. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 252:** MIT admits that at this meeting on March 14, 2025, the parties discussed Doe's options, including the option of filing a formal complaint with IDHR; that before this meeting, the department had not contacted IDHR about Doe's concerns based on Doe's repeated and explicit requests that the department not take further action until Doe secured a letter of reference from Professor Roe and secured a new position; that Doe expressed that he thought the department had already filed a complaint with IDHR; and that Israeli Professor B expressed that the department could file an administrative complaint on Doe's behalf. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 253:** Admitted.

**ANSWER TO NO. 254:** The allegations in this paragraph purport to characterize an email communication, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 255:** MIT admits that former members of Professor Roe's research group typically remain on the group email list if, and only as long as, there is still ongoing collaboration with that former member. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 256:** To the extent the allegations in this paragraph purport to characterize an email communication, that document speaks for itself, and MIT denies all allegations inconsistent therewith. MIT denies that Professor Roe had previously given different instructions under similar circumstances, and further denies knowledge or information sufficient to form a belief as to the truth of whether Doe lost access to the data and files stored on the laptop he returned. Other than as expressly admitted or otherwise addressed herein, MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 257:** To the extent the allegations in this paragraph purport to characterize an email communication, that document speaks for itself, and MIT denies all allegations inconsistent therewith. MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 258:** To the extent the allegations in this paragraph purport to characterize an email communication, that document speaks for itself, and MIT denies all allegations inconsistent therewith. MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 259:** MIT admits that Doe is no longer part of Professor Roe's lab. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 260:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 261:** MIT admits that Doe no longer appears on the website for Professor Roe's lab. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 262:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations.

**ANSWER TO NO. 263:** Denied.

**ANSWER TO NO. 264:** MIT admits that Professor Roe spoke with a colleague about Doe's performance issues and that Professor Roe may have referred to Doe as an "Israeli postdoc." Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 265:** To the extent the allegations in this paragraph purport to characterize email communications, those documents speak for themselves, and MIT denies all allegations inconsistent therewith. MIT denies knowledge or information sufficient to form a belief as to the hiring deliberations of other institutions. MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 266:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 267:** To the extent the allegations in this paragraph purport to characterize an email communication, that document speaks for itself, and MIT denies all allegations inconsistent therewith. MIT denies the remaining allegations in this paragraph.

11.    **Impact of Anti-Semitic and Anti-Israeli Harassment and Discrimination on Doe**

**ANSWER TO NO. 268:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph about Doe's physical or mental state. To the extent the remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 269:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 270:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding Doe's conduct or his physical or mental state. To the extent the remaining allegations in this paragraph state legal arguments and

conclusions to which no response is required, MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 271:** MIT denies knowledge or information sufficient to form a belief as to whether Doe came to the United States specifically to research a particular area of science. MIT denies the remaining allegations in this paragraph.

**ANSWER TO NO. 272:** Denied.

E.    **Coalition Member #1**

**ANSWER TO NO. 273:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 274:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 275:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 276:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 277:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 278:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 279:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 280:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 281:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: MIT admits that Doe reported concerns that reached IDHR regarding the alleged list. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 282:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent these allegations have any remaining relevance, MIT responds as follows: Denied.

**F.    MIT Administrators Had Actual Notice of Anti-Semitic and Anti-Israeli Conduct on Campus**

**ANSWER TO NO. 283:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe forwarded an email communication to President Kornbluth on March 8, 2025, which speaks for itself, and MIT denies all allegations inconsistent therewith. MIT further admits that President Kornbluth attended a meeting in February 2025 at which Professor Roe's lab was mentioned in passing. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 284:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that President Kornbluth has met with members of the MIT Jewish and Israeli community and expressed sympathy. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 285:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied

on that basis. Answering solely as to Doe: This paragraph does not identify the "high-level administrators" or "anti-Semitic incidents" it references and is thus too vague to permit MIT to formulate a response. MIT denies the allegations in this paragraph on that basis. The allegations in this paragraph further state legal arguments and conclusions to which no response is required, and MIT additionally denies them on that basis.

**ANSWER TO NO. 286:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that IDHR has received reports of alleged antisemitism. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 287:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 288:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: Denied.

**G.    Plaintiffs Have Suffered from Anti-Semitic and Anti-Israeli Harassment and Discrimination and Been Deprived of Benefits to which They Are Entitled**

**ANSWER TO NO. 289:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT incorporates its responses to paragraphs 162-175 and 268-272. MIT otherwise denies the allegations in this paragraph.

**H.      Federal Law Protects Plaintiffs and Coalition Members from Anti-Semitism**

**ANSWER TO NO. 290:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 291:** The allegations in this paragraph purport to characterize a press release, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 292:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 293:** MIT admits that it receives funding from the U.S. Department of Education, U.S. Department of Health and Human Services, and U.S. Department of Defense. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 294:** To the extent the allegations in this paragraph purport to characterize written policies, those documents speak for themselves, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 295:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe identifies as Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 296:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 297:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to him are denied on that basis. Answering solely as to Doe: MIT admits that Doe identifies as Jewish and Israeli, and that he is an MIT employee. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 298:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 299:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

I.    **Plaintiffs Alon, Doe and the Coalition Have Exhausted Administrative Remedies by Filing Charges of Discrimination with the EEOC and MCAD**

**ANSWER TO NO. 300:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 301:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 302:** MIT admits that Doe filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue Letter. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 303:** MIT admits that Doe filed a Charge of Discrimination with the MCAD. MIT denies knowledge or information sufficient to form a belief as to the truth as to when

exactly Doe filed that charge with the MCAD. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 304:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 305:** The Court dismissed the claims asserted by the Coalition, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**J.      MIT's Own Policies Protect Individual Plaintiffs and Coalition Members from Anti-Semitism and Anti-Israeli Discrimination**

**ANSWER TO NO. 306:** MIT admits that it has policies in place relating to discrimination, harassment, and retaliation. To the extent the allegations in this paragraph purport to characterize those policies, those documents speak for themselves, and MIT denies all allegations inconsistent therewith. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 307:** MIT admits that it has a policy in place prohibiting discrimination. To the extent the allegations in this paragraph purport to characterize that policy, that document speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 308:** To the extent the allegations in this paragraph purport to characterize a policy, that document speaks for itself, and MIT denies all allegations inconsistent therewith. To the extent this paragraph alleges that certain conduct would violate an MIT policy, the allegations state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 309:** MIT admits that it has a policy in place prohibiting harassment. To the extent the allegations in this paragraph purport to characterize that policy, that document speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 310:** The allegations in this paragraph purport to characterize a policy, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 311:** The allegations in this paragraph purport to characterize a policy, which speaks for itself, and MIT denies all allegations inconsistent therewith. To the extent this paragraph alleges that certain conduct would violate an MIT policy, the allegations state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 312:** The allegations in this paragraph purport to characterize a policy, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 313:** The allegations in this paragraph purport to characterize a policy or policies, which speaks for itself, and MIT denies all allegations inconsistent therewith. To the extent this paragraph alleges that certain conduct would violate an MIT policy or policies, the allegations state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent the allegations in this paragraph relate to claims about Professor DeGraff, the Court dismissed those claims, ECF No. 75, so the allegations in this paragraph are further denied on that basis.

**ANSWER TO NO. 314:** The allegations in this paragraph purport to characterize a website, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 315:** The allegations in this paragraph purport to characterize a website, which speaks for itself, and MIT denies all allegations inconsistent therewith. To the extent this paragraph alleges that certain conduct would violate an MIT policy, the allegations state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent the allegations in this paragraph relate to claims about Professor DeGraff, the

Court dismissed those claims, ECF No. 75, so the allegations in this paragraph are further denied on that basis.

**ANSWER TO NO. 316:** MIT admits that it has a policy in place prohibiting retaliation. To the extent the allegations in this paragraph purport to characterize that policy, that document speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 317:** The allegations in this paragraph purport to characterize a policy, which speaks for itself, and MIT denies all allegations inconsistent therewith. To the extent this paragraph alleges that certain conduct would violate an MIT policy, the allegations state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 318:** The allegations in this paragraph purport to characterize a written communication, which speaks for itself, and MIT denies all allegations inconsistent therewith.

## COUNT I

**Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.***

**(Direct Discrimination)**
**(By All Plaintiffs Against MIT)**

**ANSWER TO NO. 319:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 320:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that it receives funding from the federal government, including the U.S. Department of Education, U.S. Department of Health and Human Services, and U.S. Department of Defense. To the extent the allegations in this paragraph purport to characterize a grant, that document speaks for itself, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to

which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 321:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 322:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: To the extent the allegations in this paragraph and footnote 22 purport to characterize the U.S. Department of Education's *Dear Colleague Letter* issued on May 25, 2023, that document speaks for itself, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 323:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph purport to characterize the U.S. Department of Education's *Dear Colleague Letter* issued on November 7, 2023, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 324:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 325:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 326:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe identifies as Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 327:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 328:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 329:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 330:** Denied.

**ANSWER TO NO. 331:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied

on that basis. Answering solely as to Doe: MIT admits that Doe communicated with administrators in his former department about concerns he had regarding alleged treatment he experienced in Professor Roe's lab. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 332:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 333:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 334:** Denied.

**ANSWER TO NO. 335:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 336:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 337:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments

and conclusions to which no response is required, and MIT denies them on that basis. To the extent

any response is required, the allegations are denied.

**ANSWER TO NO. 338:** The Court dismissed the claims asserted by Dr. Alon, Mr.

Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied

on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments

and conclusions to which no response is required, and MIT denies them on that basis. To the extent

any response is required, the allegations are denied.

**ANSWER TO NO. 339:** The Court dismissed the claims asserted by Dr. Alon, ECF No.

75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 340:** The Court dismissed the claims asserted by Mr. Sussman, ECF

No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 341:** MIT admits that Doe is now working as an instructor in a

different department at MIT, but otherwise denies the factual allegations in this paragraph. In

addition, the allegations that Doe was subjected to discrimination and harassment state legal

arguments and conclusions to which no response is required, and MIT denies them on that basis.

To the extent any response is required, the allegations are denied.

## COUNT II

**Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.***

**(Hostile Educational Environment)**
**(By All Plaintiffs Against MIT)**

**ANSWER TO NO. 342:** No response is required to this paragraph, but, to the extent

necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 343:** The Court dismissed the claims asserted by Dr. Alon, Mr.

Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied

on that basis. Answering solely as to Doe: The allegations in this paragraph purport to characterize the U.S. Department of Education's *Dear Colleague Letter* issued on May 25, 2023, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 344:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph purport to characterize the U.S. Department of Education's *Dear Colleague Letter* issued on May 25, 2023, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 345:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe identifies as Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 346:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 347:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 348:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 349:** MIT admits that Doe is now working as an instructor in a different department at MIT. Other than as expressly admitted herein, MIT denies the allegations in this paragraph. To the extent the allegations in this paragraph state legal arguments and conclusions to which no response is required, MIT additionally denies them on that basis.

**ANSWER TO NO. 350:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: To the extent this paragraph purports to allege facts about MIT's response to the incidents alleged in the First Amended Complaint, those allegations are denied. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 351:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 352:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 353:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied

on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT III

**Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.***

**(Retaliation)**
**(By All Individual Plaintiffs Against MIT)**

**ANSWER TO NO. 354:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 355:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph purport to characterize a Department of Education regulation, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 356:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph purport to characterize a Department of Education regulation, which speaks for itself, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 357:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe identifies as Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no

response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 358:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 359:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 360:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 361:** MIT admits that Doe communicated with administrators in his former department about concerns he had regarding alleged treatment he experienced in Professor Roe's lab. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 362:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe was removed from distribution lists in Professor Roe's research group, removed from the website for Professor Roe's research group, and returned his computer, lab key, and access card to the department. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 363:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 364:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 365:** The Court dismissed the claims asserted by Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 366:** MIT admits that Doe, now working as an instructor in a different department at MIT, was removed from distribution lists in Professor Roe's research group and the website for Professor Roe's research group, but otherwise denies the factual allegations in this paragraph. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent a response is required, the allegations are denied.

**ANSWER TO NO. 367:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

<u>**COUNT IV**</u>

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.***

**(Direct Discrimination)**
**(By Plaintiff Doe Against MIT)**

**ANSWER TO NO. 368:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 369:** MIT admits that Doe was a postdoctoral associate in a science department at MIT, and that he is now working as an instructor in a different department at MIT, but otherwise denies the factual allegations in this paragraph. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent a response is required, the allegations are denied.

**ANSWER TO NO. 370:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 371:** MIT admits that Doe identifies as Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 372:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the responses to the referenced paragraphs are incorporated and the allegations are denied.

**ANSWER TO NO. 373:** MIT denies that Doe was terminated from Professor Roe's lab because he is Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 374:** MIT denies that Doe was terminated from Professor Roe's lab because he is Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 375:** MIT admits that Doe, now working as an instructor in a different department at MIT, is no longer working on the type of research conducted by Professor Roe's lab, but otherwise denies the factual allegations in this paragraph. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT V

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e e*t seq.***

**(Hostile Work Environment)**
**(By Plaintiffs Alon, Doe, and the Coalition Against MIT)**

**ANSWER TO NO. 376:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 377:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 378:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 379:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 380:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the responses to the referenced paragraphs are incorporated and the allegations are denied.

**ANSWER TO NO. 381:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph related to Dr. Alon are denied on that basis. Answering

solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 382:** The Court dismissed the claims asserted by Dr. Alon, as well as claims based on "more general allegations about alleged discrimination on the MIT campus," ECF No. 75, so the allegations in this paragraph are denied on that basis. To the extent the allegations in this paragraph with respect to Doe have any remaining relevance, MIT responds as follows: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 383:** The Court dismissed the claims asserted by Dr. Alon , ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 384:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 385:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 386:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is

required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 387:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 388:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 389:** MIT denies knowledge or information sufficient to form a belief as to the truth of whether students in the lab spoke of a "covert plan" regarding Doe's relationship with his partner or engaged in the alleged conduct in private discussions with Doe, including because Doe has not cooperated with IDHR or HR at MIT to investigate Doe's allegations. MIT denies the allegations in this paragraph to the extent they pertain to Professor Roe. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 390:** The Court dismissed the claims asserted by Dr. Alon and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT denies that its campus has been or is a hotbed of antisemitism or that antisemitic incidents occur on a regular basis. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 391:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 392:** Denied.

**ANSWER TO NO. 393:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 394:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT VI

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e e*t seq.***

**(Retaliation)**
**(By Plaintiffs Alon and Doe Against MIT)**

**ANSWER TO NO. 395:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 396:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 397:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent

any response is required, the responses to the referenced paragraphs are incorporated and the allegations are denied.

**ANSWER TO NO. 398:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: MIT admits that Doe forwarded an email communication to President Kornbluth on March 8, 2025. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 399:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe is now working as an instructor in a different department at MIT, but otherwise denies the factual allegations in this paragraph. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 400:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: MIT admits that Doe is now working as an instructor in a different department at MIT, but otherwise denies the factual allegations in this paragraph. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT VII

**Violation of Massachusetts General Law Chapter 151B, § 1 et seq.**

**(Direct Discrimination)**
**(By Plaintiff Doe Against MIT)**

**ANSWER TO NO. 401:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 402:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 403:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the responses to the referenced paragraphs are incorporated and the allegations are denied.

**ANSWER TO NO. 404:** MIT denies that Doe was terminated from Professor Roe's lab because he is Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 405:** MIT denies that Doe was terminated from Professor Roe's lab because he is Jewish and Israeli. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 406:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT VIII

**Violation of Massachusetts General Law Chapter 151B, § 1 et seq.**

**(Hostile Work Environment)**
**(By Plaintiffs Alon, Doe, and the Coalition Against MIT and by Plaintiff**
**Alon Against DeGraff)**

**ANSWER TO NO. 407:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 408:** The Court dismissed the claims asserted by Dr. Alon and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 409:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 410:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the responses to the referenced paragraphs are incorporated and the allegations are denied.

**ANSWER TO NO. 411:** The Court dismissed the claims asserted by Dr. Alon and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis.

**ANSWER TO NO. 412:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is

required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT IX

**Violation of Massachusetts General Law Chapter 151B, § 1 et seq.**

**(Retaliation)**
**(By Plaintiffs Alon and Doe Against MIT and by Plaintiff Alon Against DeGraff)**

**ANSWER TO NO. 413:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 414:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph purport to characterize a statute, which speaks for itself, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 415:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 416:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the responses to the referenced paragraphs are incorporated and the allegations are denied.

**ANSWER TO NO. 417:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: MIT admits that Doe forwarded an email communication to President Kornbluth on March 8, 2025, and that President Kornbluth did not personally respond directly to that email. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is

required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied, including the allegation that MIT did not take action.

**ANSWER TO NO. 418:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 419:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

<u>**COUNT X**</u>

**Breach of Contract**
**(By Plaintiff Doe Against MIT)**

**ANSWER TO NO. 420:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 421:** MIT admits that Doe initially came to MIT to work in Professor Roe's lab. To the extent the allegations in this paragraph purport to characterize a contract, that document speaks for itself, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 422:** MIT admits that Doe's annual salary when he started as a postdoctoral associate was $70,000. To the extent the allegations in this paragraph purport to characterize Does' written contract or a letter, those documents speak for themselves, and MIT denies all allegations inconsistent therewith.

**ANSWER TO NO. 423:** MIT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**ANSWER TO NO. 424:** Denied.

**ANSWER TO NO. 425:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 426:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT XI

### Breach of Implied Covenant of Good Faith and Fair Dealing
### (By Plaintiff Doe Against MIT)

**ANSWER TO NO. 427:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 428:** To the extent the allegations in this paragraph purport to characterize a contract, that document speaks for itself, and MIT denies all allegations inconsistent therewith. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 429:** MIT admits that postdoctoral associate positions are typically one-year appointments with optional year-long merit-based extensions, that Doe voluntarily transferred to another department before the end of his second year, and that Doe is now working as an instructor in a different department at MIT. Other than as expressly admitted herein, MIT denies the allegations in this paragraph.

**ANSWER TO NO. 430:** The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

<u>**COUNT XII**</u>

**Intentional Infliction of Emotional Distress**
**(By Plaintiffs Alon, Sussman and Doe Against MIT and by Plaintiffs Alon and Sussman Against DeGraff)**

**ANSWER TO NO. 431:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 432:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 433:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 434:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments

and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 435:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

<u>COUNT XIII</u>

**Reckless Infliction of Emotional Distress**
**(By Plaintiffs Alon, Sussman and Doe Against MIT and by Plaintiffs Alon and Sussman Against DeGraff)**

**ANSWER TO NO. 436:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 437:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 438:** The Court dismissed the claims asserted by Dr. Alon and Mr. Sussman, ECF No. 75, so the allegations in this paragraph are denied on that basis.

**ANSWER TO NO. 439:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 440:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 441:** The Court dismissed the claims asserted by Dr. Alon, Mr. Sussman, and the Coalition, ECF No. 75, so allegations related to those former plaintiffs are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

## COUNT XIV

### Negligent Infliction of Emotional Distress
### (By Plaintiffs Alon and Doe Against MIT and by Plaintiff Alon Against DeGraff)

**ANSWER TO NO. 442:** No response is required to this paragraph, but, to the extent necessary, MIT restates and incorporates by reference its responses to the preceding paragraphs.

**ANSWER TO NO. 443:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 444:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is

required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 445:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: MIT denies knowledge or information sufficient to form a belief as to Doe's physical or mental state. The remaining allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

**ANSWER TO NO. 446:** The Court dismissed the claims asserted by Dr. Alon, ECF No. 75, so allegations related to Dr. Alon are denied on that basis. Answering solely as to Doe: The allegations in this paragraph state legal arguments and conclusions to which no response is required, and MIT denies them on that basis. To the extent any response is required, the allegations are denied.

<u>**COUNT XV**</u>

**Defamation**
**(By Plaintiff Alon Against DeGraff)**

**ANSWER TO NO. 447:** This claim was not brought against MIT, and so no response is required to this paragraph.

**ANSWER TO NO. 448:** This claim was not brought against MIT, and so no response is required to this paragraph.

**ANSWER TO NO. 449:** This claim was not brought against MIT, and so no response is required to this paragraph.

**ANSWER TO NO. 450:** This claim was not brought against MIT, and so no response is required to this paragraph.

**ANSWER TO NO. 451:** This claim was not brought against MIT, and so no response is required to this paragraph.

**ANSWER TO NO. 452:** This claim was not brought against MIT, and so no response is required to this paragraph.

**ANSWER TO NO. 453:** This claim was not brought against MIT, and so no response is required to this paragraph.

<u>**PRAYER FOR RELIEF**</u>

**ANSWER TO PRAYER FOR RELIEF:** To the extent that the First Amended Complaint's Prayer for Relief requires a response, MIT denies that Plaintiffs are entitled to any relief.

<u>**AFFIRMATIVE, SPECIAL, AND OTHER DEFENSES**</u>

MIT will rely upon the following affirmative, special, and other defenses, if determined to be applicable and if supported by facts to be determined through discovery as appropriate. MIT expressly reserves the right to assert additional defenses as they become known to MIT during the course of discovery in this matter or otherwise.

**FIRST DEFENSE**

Doe fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Doe's claims are barred, in whole or in part, because he lacks standing.

**THIRD DEFENSE**

Doe's claims are barred, in whole or in part, because they are unripe.

**FOURTH DEFENSE**

Doe's claims are barred, in whole or in part, because they are outside the applicable statute of limitations.

**FIFTH DEFENSE**

Doe's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH DEFENSE**

Doe's claims are barred, in whole or in part, because Doe failed to exhaust other remedies.

**SEVENTH DEFENSE**

Doe's claims are barred, in whole or in part, because he cannot establish essential elements of his claims.

**EIGHTH DEFENSE**

Doe's claims are barred, in whole or in part, because there is no basis for liability on the part of MIT.

**NINTH DEFENSE**

Doe's claims are barred, in whole or in part, because MIT's actions were reasonable, justified, privileged, and/or without malice.

**TENTH DEFENSE**

Doe's common-law claims are barred, in whole or in part, because Massachusetts's workers' compensation law, Mass. Gen. L. ch. 152 § 24, provides the exclusive remedy.

**ELEVENTH DEFENSE**

Doe's claims fail because MIT has proper policies and procedures in place to prevent and remedy claims of discrimination and harassment and actively and evenhandedly enforces such policies and procedures.

**TWELFTH DEFENSE**

Doe's claims fail because MIT acted at all relevant times consistent with federal policy and guidance related to Title VI and Title VII.

## THIRTEENTH DEFENSE

Doe's claims are barred to the extent they seek to hold MIT liable for alleged conduct that occurred off campus or outside the workplace and under circumstances over which MIT did not exercise control.

## FOURTEENTH DEFENSE

Doe's claims are barred because MIT's actions were taken for legitimate, non-retaliatory, non-discriminatory business reasons.

## FIFTEENTH DEFENSE

Doe's claims are barred to the extent they seek to invoke federal or state law to require MIT to prohibit or discipline the exercise of First Amendment-protected speech.

## SIXTEENTH DEFENSE

Doe's requested remedies are barred, in whole or in part, because applicable law does not permit Doe to obtain the forms of damages and injunctive relief sought in the Amended Complaint.

## SEVENTEENTH DEFENSE

Doe's claim for damages is barred, in whole or in part, because any damages were not a reasonably foreseeable consequence of the conduct by MIT alleged in the Amended Complaint.

## EIGHTEENTH DEFENSE

Doe's claim for damages is barred, in whole or in part, because the conduct by MIT alleged in the Amended Complaint was not the proximate cause of Doe's alleged damages.

## NINETEENTH DEFENSE

Doe's claim for damages is barred, in whole or in part, by the collateral source rule to the extent Doe's alleged damages were paid, replaced, or indemnified from another source, or may be replaced or indemnified in the future from such sources with reasonable certainty.

## TWENTIETH DEFENSE

Doe's common-law claims for damages are barred, in whole or in part, under the charitable cap on damages under Massachusetts law, Mass. Gen. L. ch. 231 § 85K.

## TWENTY-FIRST DEFENSE

Doe's claim for damages is barred, in whole or in part, or is subject to proportional reduction, by his own actions, including his failure to take advantage of opportunities that MIT made available to him or to mitigate or otherwise lessen or reduce the injuries alleged in the Amended Complaint.

## TWENTY-SECOND DEFENSE

Doe's claim for injunctive relief is barred because Doe fails to allege irreparable harm or any other basis upon which injunctive relief would be available.

## TWENTY-THIRD DEFENSE

Doe's claim for punitive damages is barred because he has failed to plead any allegation that would entitle him to punitive damages.

## TWENTY-FOURTH DEFENSE

Doe's requested relief is overbroad and inequitable.


WHEREFORE, MIT respectfully requests that this Court issue an Order granting judgment in favor of MIT on each of Doe's claims for relief; granting judgment in favor of MIT on MIT's defenses; awarding MIT costs expended in defending this litigation, including, but not limited to, court costs and attorneys' fees; and granting such other and further relief as this Court may find to be just and proper.

*[Signature block on following page]*

Dated: January 25, 2026

Respectfully submitted,

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

Daniel J. Cloherty (BBO# 565772)
dcloherty@clohertysteinberg.com
617.481.0610
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111

/s/ Ishan K. Bhabha
Ishan K. Bhabha (*pro hac vice*)
IBhabha@jenner.com
202.637.6327
Lauren J. Hartz (*pro hac vice*)
LHartz@jenner.com
202.637.6363
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Ste. 900
Washington, DC 20001-4412

## CERTIFICATE OF SERVICE

I certify that a true copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 25, 2026.

/s/ Ishan K. Bhabha
Ishan K. Bhabha