# Exhibit B

*Plaintiff's Proposed Protective Order*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

WILLIAM SUSSMAN, et al.,

     *Plaintiffs,*

  v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and MICHEL DEGRAFF,

     *Defendants.*

Case No. 1:25-cv-11826-RGS

**[PLAINTIFF'S PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the disclosure and use of all Confidential Information disclosed in the course of discovery in this action.

**Definitions**

1.    "Confidential Information" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery), which (a) is not in the public domain (meaning that it is not generally known or reasonably ascertainable by means other than discovery in this action, and has not been placed into the public domain by either Party); (b) is provided by a Party or Third Party in the course of discovery and/or pleading(s) in this action; (c) contains financially sensitive information (including, but not limited to, information that constitutes or contains proprietary, financial, technical, or commercially sensitive competitive information that the Producing Party maintains as Confidential in its business) or personally sensitive information of any student or employee contained in personnel records, education records, or otherwise (including, but not limited to, social security numbers, financial account numbers, credit card numbers, personal phone numbers, personal email addresses, home addresses, driver's license or state identification numbers, dates

1

*Plaintiff's Proposed Protective Order*

of birth, passwords, or the names of minor children); (d) contains Identifying Information as defined in Paragraph 20; and (e) a Party has designated as Confidential Information in accordance with the terms of this Protective Order.

2.    "Discovery Material" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery) that is produced or generated in disclosures or responses to discovery in this matter, and/or appended to pleadings in this matter (whether or not produced).

3.    "Designating Party" means the Party that designates the Discovery Material as Confidential Information pursuant to this Protective Order.

4.    "Party" means Plaintiff John Doe, Defendant Massachusetts Institute of Technology ("MIT"), and the legal counsel (and support staff) representing them in this action.

5.    "Privileged Information" means information that is protected by the attorney-client privilege and/or work-product doctrine.

6.    "Producing Party" means the Party or Third Party that produces Discovery Material in this action.

7.    "Receiving Party" means the Party that receives Discovery Material from a Producing Party.

8.    "Third Party" means any natural person, partnership, corporation, association, or other legal entity other than Doe or MIT.

**Designation of Confidential Information**

9.    A Producing Party may designate as Confidential Information only Discovery Material that the Producing Party or Third Party providing the Discovery Material (a) has a good faith interest in preserving as confidential, or (b) has a legal responsibility to another person or entity to preserve the private, confidential, or proprietary nature of the Discovery Material.  For

2

the avoidance of doubt, any Discovery Material that a Producing or Receiving Party designates as Confidential Information must satisfy the definition of Confidential Information in Paragraph 1. For the avoidance of doubt, a Receiving Party shall have the right to designate as Confidential Information any Discovery Material produced by the Producing Party only pursuant to the process provided in Paragraph 14 (or as provided in Paragraph 11).

10.     A Party shall designate any Discovery Material as Confidential Information by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation, or, for Discovery Material that is not a document, by including "CONFIDENTIAL" in the file name.  Discovery Material shall be designated as Confidential prior to or at the time of the production or disclosure.  The designation as Confidential does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

11.     Either Party may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Confidential Information by so advising the deposition reporter in the course of the deposition and indicating in the deposition transcript and/or on the videotape what portions of the testimony (or deposition exhibits) were so designated, or by so advising the other Party of the pages designated as Confidential Information within fifteen (15) business days after receipt of the transcript by both Parties.  Until fifteen (15) business days have passed after the receipt of any transcript by both Parties, the entire transcript and videotape shall be deemed to contain Confidential Information.

12.     Either Party may designate Discovery Material produced by Third Parties pursuant to subpoenas as Confidential Information.  Counsel for the subpoenaing party must promptly disclose the subpoenaed Discovery Material to all other counsel of record, who have fifteen (15)

3

business days from the date of receipt of the Discovery Material to designate any of the Discovery Material as Confidential Information. Until fifteen (15) business days have passed after receipt of the Discovery Material by both Parties, the Discovery Material shall be deemed to contain Confidential Information.

13.    Inadvertent failure to designate Discovery Material as Confidential Information at the time of production pursuant to this Protective Order may be remedied by supplemental written notice given by the Designating Party. Upon receipt of such notification, all Discovery Material so designated or re-designated shall be subject to this Protective Order as if it had been initially so designated.

**Challenges to Designation as Confidential Information**

14.    Any designation or non-designation of Discovery Material as Confidential Information is subject to challenge by either the Plaintiff or the Defendant, through counsel. If a designation or non-designation of Discovery Material as Confidential Information, or the limitations on access to be accorded such Discovery Material under this Protective Order, are disputed, the contesting party shall provide to the Producing Party written notice of its disagreement and shall specifically identify the Discovery Material in dispute. If, despite a good faith effort, the dispute cannot be resolved informally by the Parties, the Party contesting the designation, non-designation, or restriction on access may seek relief from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of Massachusetts. The Party asserting the designation of information as Confidential Information shall bear the burden of demonstrating that the Discovery Material is entitled to such designation. Pending the Court's ruling, from the date that the contesting Party provides its written notice of disagreement, both Parties shall continue to treat the Discovery Material in the manner

4

required by this Protective Order.  Failure to seek relief from the Court within thirty (30) days of a notice of disagreement described in this Paragraph waives any such disagreement.

**Restrictions on Use and Further Disclosure of Information**

15.    All Discovery Material produced in this action which any party has designated as Confidential Information, or which contains Identifying Information (as defined in Paragraph 20), shall be used by the Party (including their legal counsel) receiving such Discovery Material solely in connection with the prosecution or defense of this litigation and for no other purpose, and shall not disseminate such material to any person except as provided in Paragraph 16 of this Order.

16.    Except with the prior consent of the Designating Party or upon prior order of the Court, Discovery Material designated as Confidential Information or containing unredacted Identifying Information (as defined in Paragraph 20) shall not be disclosed by either Party to any person other than the following:

(a)    the Parties;

(b)    MIT's current or former employees or officers who are directly involved in assisting or supervising MIT or their counsel in connection with this Litigation, to the extent reasonably necessary to assist MIT's counsel in this litigation, or who otherwise need access to Confidential Discovery Material for any purpose articulated in this Order (*e.g.*, as a deposition witness);

(c)    counsel for the Parties, including in-house counsel, as well as employees of the Parties' counsel to the extent reasonably necessary to assist the Parties' counsel in this litigation;

(d)    experts, consultants, and litigation support vendors not employed by any Party, but who are expressly retained in connection with this litigation to assist counsel of record for the Parties and the employees of such persons;

5

(e)    the Court, Court personnel, and jurors;

(f)    court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(g)    any deponent in this action, and (if applicable) their legal counsel;

(h)    actual or potential witnesses in this action, and (if applicable) their legal counsel;

(i)    the Parties' insurers and (if applicable) their legal counsel; and

(j)    mediators or other persons engaged in alternative dispute resolution, and individuals working with or for them, who shall be advised of and shall agree to the confidentiality requirements in advance of being provided with any Confidential Information or unredacted Identifying Information.

Subject to any further agreement between the Parties or Court order to the contrary, Defendant specifically acknowledges that it will not disclose any Discovery Material designated as Confidential Information regarding Plaintiff's pending job applications to Professor Richard Roe, except to the extent necessary to prepare Professor Roe for deposition in this action. Defendant further agrees that Professor Roe shall not disparage Plaintiff to any institution at which Plaintiff has a pending job application, and shall not initiate any communications regarding Plaintiff with any such institution.

17.    Any persons entitled to receive Confidential Information or unredacted Identifying Information that are identified in Paragraphs 16(d), 16(f), 16(h) and 16(j) shall, prior to receiving such Information, read this Protective Order and execute an Acknowledgement and Agreement in the form attached as Exhibit A, indicating that they have read this Protective Order and will abide by its terms.  The signed Acknowledgement and Agreement shall be retained by counsel disclosing the Confidential Information or unredacted Identifying Information.

*Plaintiff's Proposed Protective Order*

18.    If Discovery Material designated as Confidential Information or containing unredacted Identifying Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for both Parties and, without prejudice to other rights and remedies of either Party, shall make a reasonable, good-faith effort to bind the person in the manner described in Paragraph 17 and to retrieve such information and to prevent further disclosure by them or by the person who received such information.

19.    Discovery Material designated Confidential Information may not be filed on the Court's public docket unless the requirements in this Paragraph are satisfied.

a. Before disclosing Discovery Material that the opposing Party has designated Confidential Information to the Court, including in pleadings or briefs filed with the Court, in exhibits filed with the Court, and at proceedings before the Court, the disclosing Party agrees to confer with the Designating Party regarding appropriate redactions or stipulations to protect the confidentiality of such information prior to publicly disclosing the Discovery Material.  If the Parties cannot reach an agreement concerning the redaction of Confidential Information, the disclosing Party will submit its filing with a slip sheet or slip sheets in lieu of any Confidential Discovery Material indicating that the Designating Party will file a motion to impound pursuant to Local Rule 7.2. Within seven (7) days, the Designating Party shall file an impoundment or sealing motion, and the disclosing Party shall not file the disputed Discovery Material until the Court issues its order on the Designating Party's sealing motion.

*Plaintiff's Proposed Protective Order*

b.  Notwithstanding the foregoing, Discovery Material designated Confidential Information may be filed on the Court's public docket if: (a) either Party has filed a motion to impound pursuant to Local Rule 7.2 and the procedures in this Paragraph, and the Court has denied that motion, (b) the Parties agree in writing (email being sufficient) to waive the designation of the Discovery Material as Confidential Information, (c) the Parties agree to redactions of references to the Confidential Information, or (d) the designation of the Discovery Material as Confidential Information has been removed by the Court pursuant to Paragraph 14 above.

**Maintenance of Pseudonymity**

20.    In accordance with the Court's order granting Doe's Motion to Seal, ECF No. 74, for any filing on the public docket, the Parties agree to redact: (a) the names of John Doe, Professor Roe, and Students A and B; (b) the names of MIT officers and employees other than those employed in central MIT administrative offices (*e.g.*, the office of MIT's President, Human Resources, or the Institute Discrimination and Harassment Response Office); (c) the names of other MIT students; and (d) any information that could be used to identify the individuals specified in (a), (b), and (c), such as contact information, titles, academic fields, or affiliations (collectively, the "Identifying Information").

21.    If the Identifying Information cannot be redacted, the Parties agree to seek to seal the relevant Discovery Material before filing by following the procedures specified in Paragraph 19 regarding Confidential Information.  For purposes of those procedures, the Parties agree to take the same steps with respect to Identifying Information that they would with respect to Confidential Information.

8

*Plaintiff's Proposed Protective Order*

22.    If any of the Identifying Information is inadvertently not redacted in a public filing, the Party that made the filing agrees to file a substituted document with appropriate redactions as soon as possible upon becoming aware of the deficiency.

23.    The Parties agree that when producing Discovery Material, the Producing Party shall highlight or otherwise clearly denote the portion(s) of the Discovery Material containing Identifying Information to facilitate proper redaction should that Discovery Material become part of a court filing, provided, however, that failure by the Producing Party to highlight or otherwise denote Identifying Information does not relieve the disclosing Party from applying appropriate redactions prior to filing the Discovery Material.

24.    The Parties agree to meet and confer on standardized pseudonyms for individuals whose names are redacted in accordance with this Order.

**Additional Provisions**

25.    All provisions of the Protective Order restricting the use of Discovery Material shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing.  Any and all originals and copies of Confidential Information designated by the Parties shall, at the request of the Designating Party, be returned to the Designating Party or destroyed at the Designating Party's expense, within one month after a stipulation of dismissal or final judgment has been entered in this action and the time for appeals has expired, except that counsel for each Party may maintain in their files copies of each pleading and litigation document filed with the Court, each written discovery request and written response thereto, and each deposition transcript.  Nothing in this Paragraph shall require either Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information or unredacted Identifying Information.  The Parties shall not be required to locate and destroy emails (including attachments to emails) transmitted in connection

*Plaintiff's Proposed Protective Order*

with this litigation that may include Confidential Information or unredacted Identifying Information, or Confidential Information or unredacted Identifying Information contained in any draft or final deposition or trial transcript (including exhibits) or any draft or final expert or consultant report (including exhibits).

26. Neither this Protective Order nor either Party's designation of Discovery Material as Confidential Information shall affect the admissibility into evidence of the information so designated.

27. Nothing in this Protective Order constitutes an agreement regarding the scope of discovery.

28. If a Party determines that Discovery Material that is subject to a claim of privilege or immunity, or otherwise protected from disclosure, was inadvertently produced, the Party shall inform counsel for each other Party of the inadvertent production in writing, and counsel for each Party shall take reasonable steps to ensure that all known copies of any such Discovery Material are promptly destroyed or returned to the Producing Party. Inadvertent production of privileged or otherwise protected Discovery Material will not be deemed to have waived any privilege. Return of such Discovery Material pursuant to this Paragraph does not prejudice the returning Party's ability to seek redress from the Court and/or a motion concerning disagreement with the designation or non-designation of such material as privileged or as Confidential Information pursuant to Paragraph 14, above.

29. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

THE ABOVE TERMS AND CONDITIONS ARE HEREBY STIPULATED AND AGREED TO by the respective undersigned counsel for the Parties in the above-captioned action.

10

*Plaintiff's Proposed Protective Order*

Dated:                                              Respectfully submitted,

 /s/ DRAFT                                            /s/ DRAFT
Richard A. Rosen (*pro hac vice*)          Ishan K. Bhabha (*pro hac vice*)
rrosen@brandeiscenter.com                  IBhabha@jenner.com
Paul M. Eckles (*pro hac vice*)            202.637.6327
peckles@brandeiscenter.com                 Lauren J. Hartz (*pro hac vice*)
Rebecca L. Harris (*pro hac vice*)         LHartz@jenner.com
rharris@brandeiscenter.com                 202.637.6363
THE LOUIS D. BRANDEIS CENTER FOR           Elizabeth Henthorne (*pro hac vice*)
  HUMAN RIGHTS UNDER LAW                    Bhenthorne@jenner.com
1675 Broadway, Fl. 13                      202.637.6367
New York, NY 10019                         JENNER & BLOCK LLP
332.278.9174                               1099 New York Avenue, N.W., Ste. 900
                                           Washington, DC 20001-4412
Jonathan D. Polkes (*pro hac vice*)
jonathan.polkes@whitecase.com              Daniel J. Cloherty (BBO# 565772)
WHITE & CASE LLP                           dcloherty@clohertysteinberg.com
1221 Avenue of the Americas                617.481.0610
New York, New York 10020-1095              CLOHERTY & STEINBERG LLP
212.819.8200                               One Financial Center, Suite 1120
                                           Boston, MA 02111
Rachel Rodman (*pro hac vice*)
rachel.rodman@whitecase.com                *Attorneys for Defendant Massachusetts*
Mark Davies (*pro hac vice*)               *Institute of Technology*
mark.davies@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
202.626.3600

Veronica Gordon (*pro hac vice*)
veronica.gordon@whitecase.com
200 S. Biscayne Blvd.
Miami, Florida 33131
305.371.2700

Philip Y. Brown (BBO #552366)
pbrown@browncounsel.com
Amelia R. Gray (BBO #675632)
agray@browncounsel.com
BROWN COUNSEL, LLC
One Marina Park Drive, 1410
Boston, MA 02210
617.683.1500

*Attorneys for Plaintiff John Doe*

11

*Plaintiff's Proposed Protective Order*

SO ORDERED:

_____
Hon. Richard G. Stearns

*Plaintiff's Proposed Protective Order*

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM SUSSMAN, et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY and MICHEL DEGRAFF,<br><br>    *Defendants.* | Case No. 1:25-cv-11826-RGS |

### ACKNOWLEDGEMENT AND AGREEMENT

I hereby certify that I have read the Confidentiality Stipulation and Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL INFORMATION" in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

I further agree that I will disclose any Identifying Information, as defined in the Order, solely to persons permitted to receive unredacted Identifying Information in accordance with the Order and solely for the purposes of the above-captioned case, and not to disclose the Identifying Information or any documents containing unredacted Identifying Information to any other person, firm or concern.

_____
Signature

_____
Printed name

_____
Date

2