**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| William Sussman, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Massachusetts Institute of Technology, et al.,<br><br>    Defendants. | Case No. 25-CV-11826-RGS |

**DECLARATION OF ELIZABETH HENTHORNE**
**IN SUPPORT OF DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S OPPOSITION TO PLAINTIFF DOE'S MOTION TO COMPEL DISCOVERY**

I, Elizabeth Henthorne, declare as follows:

1.     I am over the age of eighteen and a partner at Jenner & Block LLP, counsel of record for Defendant Massachusetts Institute of Technology ("MIT") in the above-captioned matter. I offer this declaration in support of MIT's Opposition to Plaintiff Doe's Motion to Compel Discovery. This declaration is based upon my present personal knowledge, files and records in this case, and information I have been provided by MIT personnel. If called upon to testify as to the matters set forth in this declaration, I could and would do so.

2.     On March 2, 2026, Plaintiff Doe served MIT with his First Set of Requests for Production of Documents, Interrogatories, and Requests for Admission. Plaintiff's specific requests are replicated in MIT's responses to the same, filed on the docket as exhibits to the Declaration of Rebecca L. Harris in Support of Plaintiff Doe's Motion to Compel Discovery of Defendant MIT, ECF No. 92, and cited in MIT's Opposition as RFP Responses (ECF No. 92-1), Interrogatory Responses (ECF No. 92-2), and RFA Responses (ECF No. 92-3).

3.      A true and correct copy of Plaintiff's First Set of Requests for Production, including Plaintiff's Instructions, is attached to this Declaration as **Exhibit A**.[1] The definition of "MIT" set forth in those requests, appearing on page 1, covers "Defendant MIT as well as its affiliates, parents, subsidiaries, officers, directors, members, agents, employees, representatives, and all other persons acting or purporting to act (or who acted or purported to act) on its behalf, including the MIT Corporation."

4.      MIT timely responded to each set of requests. MIT served its Responses and Objections to Plaintiff's First Set of Requests for Production of Documents on April 1, 2026. *See* RFP Responses. MIT served its Responses and Objections to Plaintiff's First Set of Interrogatories on April 15, 2026, pursuant to an extension agreed to by the parties. *See* Interrogatory Responses. MIT served its Responses and Objections to Plaintiff's First Set of Requests for Admission on April 29, 2026, pursuant to an extension agreed to by the parties. *See* RFA Responses.

5.      In both its RFP and Interrogatory Responses, MIT committed to responding and making productions responsive to requests for information about alleged discrimination against third parties and MIT's response thereto, to the extent they involved the same work environment and/or individuals alleged to have engaged in discriminatory conduct or harassment of Plaintiff. *See* RFP Responses at 9-10; Interrogatory Responses at 7-8, 18-19.

6.      MIT made its first production of documents on April 1, 2026. Once the Protective Order and ESI Protocol were in place, MIT made its second and third productions on June 5 and June 12, 2026, respectively. MIT's productions to date collectively encompass 549 documents spanning 1,954 Bates-numbered pages.

---

[1] Consistent with Plaintiff's approach to exhibits to his Motion, exhibits to this Declaration are redacted where necessary to comply with the Protective Order in this case, ECF No. 87. None of the redacted material is substantively relevant to the Motion.

7.      As of the date of this filing, Plaintiff has not produced a single document in this litigation.

8.      On May 15, 2026, Plaintiff's counsel sent two letters to MIT's counsel asserting deficiencies in MIT's initial discovery responses and requesting to meet and confer. Those letters are filed on the docket as exhibits to the Declaration of Rebecca L. Harris in Support of Plaintiff Doe's Motion to Compel Discovery of Defendant MIT, ECF No. 92 (ECF Nos. 92-4 and 92-5). In the first letter, Plaintiff's counsel stated that Plaintiff viewed the issues discussed therein relating to the scope of remaining claims and related discovery as "threshold disputes." (ECF No. 92-4).

9.      Attached hereto as **Exhibit B** is a true and correct copy of emails between counsel regarding discovery disputes and deposition scheduling. On May 22, 2026—seven days after receiving Plaintiff's letters—I wrote to Plaintiff's counsel to advise that MIT was reviewing the letters and would follow up the following week. In that same email, I stated that none of the issues raised affected MIT's need to depose the Plaintiff in this matter and again asked Plaintiff's counsel to provide dates for a deposition. *See* Exhibit B at 2.

10.     On May 29, 2026, I spoke by telephone with Plaintiff's counsel, Rebecca Harris. During that call, Ms. Harris reiterated Plaintiff's counsel's view that the scope of Plaintiff Doe's remaining claims was a gating issue that needed to be resolved before other discovery disputes. I communicated that MIT would prioritize sending a written response addressing the scope issue the following week, and would follow up thereafter on the remaining issues raised by Plaintiff. A true and correct copy of the email thread following the May 29 phone call is attached hereto as **Exhibit C.**

11.     The following week, on June 5, 2026, as promised, MIT sent Plaintiff's counsel a letter explaining MIT's position that Plaintiff's discovery requests exceed the scope of his

remaining claims and offering to meet and confer. That letter was filed as Exhibit 6 to the Declaration of Rebecca L. Harris (ECF No. 92-6).

12.    On June 8, 2026, the parties met and conferred by Zoom. I reaffirmed MIT's position that the scope of permissible discovery is limited to Plaintiff's individual experiences in Professor Roe's research group, consistent with this Court's January 5, 2026, Order on MIT's Partial Motion to Dismiss. I also communicated to Plaintiff's counsel that MIT would send a supplemental written response by Wednesday, June 10, 2026, addressing the additional request-specific deficiencies raised in Plaintiff's May 15 letters, and that the parties could then meet and confer on those issues by June 12, 2026.

13.    MIT timely sent its nineteen-page supplemental letter on June 10, 2026, addressing the additional request-specific deficiencies raised in Plaintiff's May 15 letters, including providing substantive responses where warranted. In this letter, MIT also raised several deficiencies with Plaintiff's responses.

14.    Following a meet-and-confer with Plaintiff's counsel on June 12, 2026, MIT has provided Plaintiff with additional supplemental responses, including to Requests for Admission Nos. 1 through 3, which MIT believes resolve the dispute raised by Plaintiff as to those Requests.

15.    MIT first raised the scheduling of Plaintiff's deposition on May 7, 2026, requesting available dates for the weeks of June 22, June 29, and July 6. Attached hereto as **Exhibit D** is a true and correct copy of emails between counsel regarding discovery issues and deposition scheduling. My May 7, 2026, email appears at pages 3-4 of Exhibit D. On May 12, 2026, Plaintiff's counsel responded that they would not provide deposition dates until the Court had weighed in on the scope of the case. *See* Exhibit D at 1-2. I replied on May 22, 2026, that "[n]one of the issues raised" in Plaintiff's letters (and now Motion) "affects [MIT's] need to depose the Plaintiff in this

matter" and so reiterated that MIT wished to proceed with scheduling the deposition. *See* Exhibit B at 2. Plaintiff's counsel again declined to provide dates for a deposition of Plaintiff on May 26, 2026. *See id.* at 1.

16.    MIT has over 17,000 employees and over 11,800 students.[2]

17.    MIT has over 300 distinct units and offices.[3] Within those units and offices, MIT estimates that there are thousands of individual managers and supervisors.

18.    MIT maintains three primary central databases that log and track potentially relevant complaints submitted to the Institute Discrimination and Harassment Response Office, Human Resources, and MIT's anonymous reporting hotline EthicsPoint. MIT has already agreed to search for and produce materials from those databases related to Plaintiff's complaints and any other complaints against Professor Roe (to the extent any exist). But concerns may also be raised to MIT's thousands of individual managers and supervisors across hundreds of distinct academic, research, and administrative units. MIT has also already agreed to search for and produce materials from relevant custodians in Plaintiff's former academic unit related to Plaintiff's complaints and any other complaints against Professor Roe (to the extent any exist).

19.    Based on my experience, including in this case, reviewing the records of a single custodian for responsive documents could take up to 100 hours per custodian, depending on document volumes and the scope of search terms. While it is difficult to estimate the duration of review for all potential custodians, based on the review so far in this case I estimate that reviewing custodian records for responsiveness would take an average of 50 hours per custodian.

---

[2] *See Enrollment Statistics*, MITFacts (2025-2026), https://facts.mit.edu/enrollment-statistics/; *Employees*, MITFacts (Oct. 2025), https://facts.mit.edu/employees/.
[3] *See Reporting List*, MIT Organization Chart, https://orgchart.mit.edu/senior-leadership/reporting-list (last visited June 23, 2026).

20.     Before producing any documents, counsel would also need to undertake quality control, review for privilege and work product protections, ensure compliance with the Protective Order's provisions relating to identifying information, and prepare productions. Counsel would also need to assess all documents produced in litigation for compliance with privacy policies and applicable law. The estimate above of hours per custodian does not account for the additional work described in this paragraph.

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.


Dated: June 24, 2026                          */s/ Elizabeth Henthorne*
                                              Elizabeth Henthorne

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 24, 2026.

/s/ Ishan K. Bhabha
Ishan K. Bhabha